William Clyde BURTON, Philadelphia, Pennsylvania

v.

OFFICE OF REGIONAL ADMINISTRATION, Office of the Postmaster General, Washington, D. C., Frank T. Peartree, et al.

Civ. A. No. 70-3010.

United States District Court, E. D. Pennsylvania.

Dec. 3, 1970.

William Clyde Burton, in pro. per.

HUYETT, District Judge.

## MEMORANDUM

Plaintiff has filed an "Application For Writ Of Preliminary Injunction" under the all writs statute, 28 U.S.C.A. § 1651. In his application, plaintiff states that he was unlawfully removed from his engineering position in the Post Office Department by the defendants in 1966 and that his salary payments have been unlawfully withheld.[1] He requests this Court to interpose its equitable powers to restore him to his position and order the payment of all his lost wages.

It is manifest that the actions of the defendants, of which the plaintiff complains, were of a discretionary nature. Where an executive officer exercises the discretion vested in him by statute " * * * a court cannot restrain him from acting on the ground that he has exceeded his jurisdiction by reason of an error either of fact or law which induced his conclusion." Adams v. Nagle, 303 U.S. 532, 542, 58 S.Ct. 687, 693, 82 L.Ed. 999 (1938).

Accordingly, we enter the following

## ORDER

Now, this 3rd day of December, 1970, it is ordered that the plaintiff's application for writ of preliminary injunction is denied.

1. A full and complete statement of the facts in this matter can be found in Burton v. United States, 404 F.2d 365

(Ct.Cl.1968) cert. denied 394 U.S. 1002, 89 S.Ct. 1599, 22 L.Ed.2d 780 (1969).